```
          IN THE UNITED STATES DISTRICT COURT
       FOR THE EASTERN DISTRICT OF NORTH CAROLINA
                    WESTERN DIVISION
                   No. 5:13-CV-620-H
                   No. 5:13-CV-621-H
```

ANDERSON MANAGEMENT SERVICES, )
LLC, et. al.,                 )
                              )
     Movants,                 )
                              )
          v.                  )        **ORDER**
                              )
                              )
AMERICAN MEDIA, INC., et. al.,)
                              )
     Respondents.             )

These matters are before the court pursuant to Rule 72(a) of the Federal Rules of Civil Procedure on movants' appeals of two orders by United States Magistrate Judge William A. Webb on June 12, 2013, denying movants' motions to quash the non-party subpoenas served on Regions Bank ("Regions") [5:13-CV-620-H ("620") DE #16], and Bank of America Corporation ("BoA") [5:13-CV-621-H ("621") DE #18].[1] Also before the court are movants' motions for reconsideration seeking the same relief from the magistrate judge's order [620 DE #13, 621 DE #15]. Responses have been filed, and these matters are now ripe for adjudication.

---

[1] The Regions subpoena case is number 5:13-CV-620-H, and the BoA subpoena case is number 5:13-CV-621-H. Both cases are considered together in this order because they share common movants and relate to discovery in the same underlying case currently pending in the Southern District of New York, Anderson News, L.L.C. v. Am. Media, Inc., No. 1:09-cv-02227-PAC.

Once a party has raised objections to an order issued by a magistrate judge, the district judge "must consider timely objections and modify or set aside any part of the order that is clearly erroneous or contrary to law." Fed. R. Civ. P. 72(a); see also 28 U.S.C. § 636(b)(1)(A) ("A judge of the court may reconsider any [nondispositive] pretrial matter [which a magistrate judge has decided] where it has been shown that the magistrate judge's order is clearly erroneous or contrary to law.").

Movants sought to quash the subpoenas served by respondents on Regions and BoA (collectively "the banks"), seeking movants' financial records. The underlying matter is pending before the Southern District of New York, in which plaintiffs in the underlying action allege claims pursuant to the Sherman Act, 15 U.S.C. § 1, against respondents. Movants are not parties to that antitrust action. Only the subpoenas issued May 10, 2013 and the motions to quash are before the court in the instant matter.

Movants argue that Judge Webb's June 12, 2013, orders were erroneous in denying their motions to quash because the court relied on inaccurate information and misinterpreted the law. First, the orders stated that the banks did not formally object to the subpoenas, and movants claim that is not true because the

2

banks served objections to respondents after the motions to quash were filed. Upon review of these objections, the court finds the objections are not substantive and that the banks are willing to comply with the subpoenas because they have not filed their own motions to quash. Movants also object that the subpoenas seek irrelevant information, and therefore they are not adequately protected by the protective order entered in the antitrust case. Given the broad definition of relevant information for discovery purposes and the movants' own stipulation to the protective order, this court finds these arguments untenable.[2]

---

[2] Additionally, movants object to the findings that they lack standing and did not comply with the local rules. However, the court need not reach these issues, because the magistrate judge's order ultimately examined the motion as though movants had standing and complied with the local rules.

3

The court has carefully reviewed movants' objections to the June 12, 2013, orders, as well as respondents' responses and the other documents of record. The court concludes that the magistrate judge's decisions as to the motions to quash are neither clearly erroneous nor contrary to law. Accordingly, the June 12, 2013, orders are AFFIRMED for the reasons stated therein, and movants' motions for reconsideration are DENIED.

This 5TH day of December 2013.

MALCOLM J. HOWARD
Senior United States District Judge

At Greenville, NC
#33

4